EX PARTE JIMMIE LEE CAGLE.

No. 23714. Delivered April 30, 1947.

*Theodore Andress,* of El Paso, for appellant.

*Gill L. Newsom,* Assistant District Attorney, and *Roy D. Jackson,* District Attorney, both of El Paso, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Relator stands charged by indictment with the offense of rape, alleged to have been committed on a ten year old girl.

While the prosecutrix made positive statements involving relator, the evidence must be very unsatisfactory to the state because she detailed a long grilling examination by her mother consisting largely of accusations minutely made as to what had taken place, and with threats of punishment, until the child admitted the story as it was placed in her mouth by the mother. On cross-examination she contradicts her story more than once. It appears to be a narration by an irresponsible person admittedly afraid of what might happen to her. She does state, however, affirmatively, on re-direct examination, that appellant had her in the back room in bed and that he put his "male thing" in her "female thing."

The state then introduced a statement signed by appellant in which he admitted that he had on occasions fondled the breasts of the little girl and that eventually, at about the time alleged, after having given her money on several occasions, he took the little girl in his bedroom attached to the shop which he operated, had her to take off her panties, unbuttoned his pants, placed his privates between her legs and rubbed against her personal parts, but denied the penetration. In view of his story the trial court was justified in refusing him bail and we see no reason why, from the record presented, this court should reverse the action of the district judge.

It is impossible, in view of decisions of this court from the earliest day, to lay down fixed rules for granting bond or fixing the amount thereof. The circumstances of the case, including the appearance of the parties themselves, are proper factors and these will differ in many aspects in cases that are to a large degree similar as found in the records. The case now before us is an unusual one. The circumstances admitted by appellant corroborate to a very strong degree the unsatisfactory evidence of the prosecutrix, which is probably explainable only by the fact that she was an unwilling witness for the state.

The conclusion is inescapable that the proof as here given, undenied and partly admitted, is such that the jury may feel called upon to inflict a severe penalty, the extent of which is not the subject of speculation. The amount of bail which it is indicated he could give would be unreasonable in the case which the record reflects. We have no way of determining the amount of bail—in the event bail should be granted. It is a reasonable conclusion to say that he either has a very serious case where the proof is evident; or that, by another measurement of the same evidence, he would be guilty of an aggravated assault. The jury alone will have the power to determine the probative force of the evidence when it is properly presented to them.

The judgment of the trial court is affirmed.